IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:12-CV-01094 |
| vs. | ) | |
| | ) | |
| THE CITY OF HARVEY, a municipal corporation, | ) | |
| ROBERT BUCHANAN, NEAL FRUNDLE, | ) | |
| ANDREW JOSHUA, and  OSCAR PERRY. | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT AT LAW**

Now Comes, the Plaintiff Jane Doe, by and through her attorney Yao O. Dinizulu of the Dinizulu

Law Group, Ltd., for her complaint at law against Defendants, states as follows:

**PARTIES AND VENUE**

1.      At all relevant times herein, Plaintiff Jane Doe was a citizen of Cook County, Illinois.

2.      At all relevant times herein, Defendant Robert Buchanan was employed as a Cook County

Correctional Officer, and was a citizen of Cook County, Illinois.

3.      At all times relevant hereto, Defendant Neal Frundle, Star No. 418, was a police officer employed

by the City of Harvey Police Department to perform duties in the City of Harvey. At all relevant

times, he was acting in such capacity as the agent, servant, and employee of defendant City of

Harvey. He is sued individually and in his official capacity.

4.      At all times relevant hereto, Defendant Oscar Perry, Star No. 178, was a Sergeant employed by

the City of Harvey Police Department to perform duties in the City of Harvey. At all relevant

times, he was acting in such capacity as the agent, servant, and employee of defendant City of

Harvey. He is sued individually and in his official capacity.

5.      At all times relevant hereto, Defendant Andrew Joshua was the duly appointed Commander of the

City of Harvey Police Department. As such he was the commanding officer of defendants Neal

Frundle and Oscar Perry and was responsible for their training, supervision, and conduct. He was

also responsible by law for enforcing the regulations of the City of Harvey Police Department and for ensuring that the City of Harvey police personnel obey the laws of the State of Illinois and of the United States. At all relevant times, he was acting in such capacity as the agent, servant, and employee of the defendant City of Harvey. He is sued individually and in his official capacity.

6.  Defendant The City of Harvey is a municipal corporation within the State of Illinois, and, at all times material to this complaint, employed Defendant Neal Frundle, a Harvey Police Officer, Oscar Perry, a Sergeant of the Harvey Police Department, and Andrew Joshua, Commander of the Harvey Police Department.

7.  At the time of the alleged incident and at all times pertinent hereto, Defendants Neal Frundle, Oscar Perry, and Andrew Joshua acted under color of law and pursuant to their authority as police personnel.

## JURISDICTION

8.  This action is brought pursuant to 42 U.S.C. §§ 1883 and 1985, and various other state of Illinois laws, and the common law.

9.  This Court has original jurisdiction under the provisions of 28 USC § 1331 and § 1343, and supplemental jurisdiction pursuant to 28 USCS § 1367.

10. On February 7, 2012, the Circuit Court of Cook County Law Division, Illinois granted Plaintiff leave to proceed as a "Jane Doe" plaintiff and to file her complaint instanter against the City of Harvey and Robert Buchanan. A copy of plaintiff's Complaint at Law is attached hereto as Exhibit "A".

## GENERAL ALLEGATIONS

11. Plaintiff incorporates paragraphs 1 to 10, as though fully stated herein.

12. Jane Doe was born on June 1, 1986.

13. At all times relevant herein, Jane Doe resided with her mother, Teresa Buchanan, and stepfather, Robert Buchanan.

14. From January 1997, Robert Buchanan repeatedly sexually assaulted Jane Doe.

2

15.     On August 3, 1997, Jane Doe' mother Teresa Buchanan reported the sexual assaults of Jane Doe, then 11 years old, to the Harvey Police Department.

16.     Teresa Buchanan alleged to the Harvey Police Department that Robert Buchanan, Jane Doe's stepfather, had sexually assaulted Jane Doe several times between January 1997 and August 1997, by performing anal sex, oral sex, and vaginal sex with Jane Doe. It was alleged that Robert Buchanan had made penetration with his tongue and penis. It was also alleged that Robert Buchanan would come into Jane Doe' room and remove her clothes.

17.     Jane Doe was taken by Paramedics to Ingalls Hospital and examined by Dr. Adolfo Napolez, which revealed swelling to her vagina.

18.     Dr. Adolfo Napolez took body fluid samples and placed them into an Illinois State Police Sexual Assault Evidence Kit.

19.     Officer Neal Frundle, No. 418, transported the kit to the Harvey Police Department to be placed into evidence.

20.     Officer Neal Frundle was the investigative officers, responsible with following through with the investigation of the alleged claims against Robert Buchanan.

21.     Sergeant Oscar Perry approved the Harvey Police Persons Incident Report, which alleged Robert Buchanan sexually assaulted minor Jane Doe.

22.     Commander Andrew Joshua was notified of the allegations against Robert Buchanan.

23.     Defendants never submitted the Illinois State Police Sexual Assault Evidence Kit for testing.

24.     The City of Harvey had the policy, practice and/or custom of failing to submit Sexual Assault Evidence Kits for testing.

        a.     Over 200 Sexual Assault Evidence Kits went untested for years.

        b.     The Illinois State Police and/or FBI seized the Harvey Sexual Assault Kits during a raid on the Police Department.

        c.     Approximately 50 of the 200 Sexual Assault Evidence Kits were viable for scientific testing when discovery.

3

    d.  As of 2011, 14 people were charges with crimes in 21 sexual assaults from the kits seized.

    e.  Most of the victims of were women.

25.  Defendants The City of Harvey, Neal Frundle, Oscar Perry, and Andrew Joshua failed to:

    a.  Provide aid to the injured Jane Doe

    b.  Assure that evidence was not lost

    c.  Determine if an offense was committed

    d.  Affect an arrest of Robert Buchanan

    e.  Arrange for the timely analysis and evaluation of evidence

    f.  Determine if other crimes may have been committed by the suspect.

26.  On information and belief, the failure to submit Sexual Assault Evidence Kits for testing, the failure to investigation crimes of sexual assault, the failure to protect individuals, including minors, from continued sexual assaults whom they had a duty to protect, and the failure to notify the Department of Family and Child Services, were consistent with an institutional practice of the City of Harvey Police Department, which was known to and ratified by Defendants Oscar Perry, Andrew Joshua and the City of Harvey, the defendants having at not time taken any effective action to prevent City of Harvey police personnel from continuing to engage in such misconduct.

27.  On information and belief, Defendants Oscar Perry, Andrew Joshua and the City of Harvey had prior notice of the reckless, willful and wanton, deliberate and/or intentional actions of Defendant Neal Frundle, but took no steps to train him, correct his abuse of authority, or discourage his unlawful use of authority. The failure to properly train Defendants Neal Frundle included the failure to instruct him in his duties as officers of the peace and in applicable laws of Illinois.

28.  On information and belief, Defendants The City of Harvey, Andrew Joshua, and Oscar Perry authorized, tolerated as institutional practices and ratified the misconduct hereinbefore detailed by:

a.  Failing to properly supervise The City of Harvey police personnel, including but not limited to Neal Frundle and Oscar Perry.

b.  Failing to properly train The City of Harvey police personnel, including but not limited to Neal Frundle and Oscar Perry.

c.  Failing to properly discipline, restrict, and control employees, including Defendant Neal Frundle, known to be irresponsible in their dealings with citizens of the community, including but not limited to investigating crimes of sexual assaults of minor females.

d.  Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specifically Neal Frundle and Oscar Perry.

e.  Failing to forward to the office of the District Attorney of Cook County evidence of criminal acts committed by Cook County Correctional officers.

f.  Failing to notify the Department of Child and Family Services of claims of sexual assault of a minor by her step-father.

g.  Failing to protect and ensure evidence is not lost or mishandled.

h.  Failing to establish and/or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of sexual assault and/or complaints of police misconduct, but instead responding to such complaints with bureaucratic power and official denials calculated to mislead the public. This also constitutes gross negligence under state law.

29.  Jane Doe suffered injuries, including but not limited to:

a.  Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

b.  Severe emotional and psychological injuries; and

c.  Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered.

30. On or about March 18, 2011, Jane Doe was informed by investigators about Defendants' failure to act, and the investigation against her stepfather, Robert Buchanan.

31. The rape test kit was sent out for testing on August 22, 2011.

32. On or about April of 2011, Jane Doe was informed that her rape kit indicated that her step father Robert Buchanan had molested her.

### COUNT I – ASSAULT AND BATTERY
### ROBERT BUCHANAN

33. Plaintiff incorporates paragraphs 1 to 32, as though fully stated herein.

34. Defendant Robert Buchanan, intentionally committed multiple voluntary and affirmative act that resulted in the harmful or offensive touching to Plaintiff's body.

35. Robert Buchanan's physical contact was taken place without Plaintiff's consent.

36. Robert Buchanan intentionally and unlawfully attempted to inflict corporal injury to Plaintiff by force, or unlawful directed force, under circumstances that create a well-founded fear of imminent peril coupled with the apparent present ability to do so, if not prevented.

37. Plaintiff Jane Doe was in reasonable fear of injury.

38. As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

   a. Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

   b. Severe emotional and psychological injuries; and

   c. Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered.

WHEREFORE, Jane Doe, demands judgment against Defendant Robert Bucahanan, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

### COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### ROBERT BUCHANAN

6

39.     Plaintiff incorporates paragraphs 1 to 38, as though fully stated herein.

40.     Defendant's conduct in the repeated rape and sexual assault of his step-daughter Plaintiff Jane Doe was so extreme and outrageous as to go beyond all possible bounds of decency.

41.     Defendant's conduct occurred repeatedly for several years, on or about the age of 11. In those years and today, Jane Doe experienced severe fright, horror, grief, shame, humiliation, and worry.

42.     No reasonable person, especially a minor, could have endured the Defendant's conduct without emotional distress.

43.     As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

   a.   Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

   b.   Severe emotional and psychological injuries; and

   c.   Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered.

   WHEREFORE, Jane Doe, demands judgment against Defendant Robert Bucahanan, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

## COUNT III – ILLINOIS DOMESTIC VIOLENCE ACT OF 1986
## THE CITY OF HARVEY

44.     Plaintiff incorporates paragraphs 1 to 32, as though fully stated herein.

45.     At all times relevant herein, Neal Frundle, Oscar Perry, and Andrew Joshua were acting in the scope of their employment with The City of Harvey, and/or as their agents.

46.     Defendant having knowledge of the alleged rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

47.    Defendant The City of Harvey, by and through their agents, willfully and wantoningly and/or
with reckless disregard, breached the following duties:

a.    Failed to develop, adopt, and implement written policies regarding arrest procedures for
domestic violence incidents consistent with the provisions of this Act. 750 ILCS 60/301.1

b.    Failed to make a written police report of any bona fide allegation and the disposition of such
investigation, which included the victim's statements as to the frequency and severity of prior
incidents of abuse, neglect, or exploitation by the same family or household member and the
number of prior calls for police assistance to prevent such further abuse, neglect, or
exploitation. 750 ILCS 60/303

c.    Failed to record and compile the report as a domestic crime within the meaning of Section 5.1
of the Criminal Identification Act [20 ILCS 2630/5.1]. 750 ILCS 60/303

d.    Failed to arrest the abusing, neglecting and exploiting party, Defendant Robert Buchanan.
750 ILCS 60/304(A)(1)

e.    Failed to accompany the victim of abuse, neglect, or exploitation Plaintiff Jane Doe to her
place of residence for a reasonable period of time to remove necessary personal belongings
and possessions. 750 ILCS 60/304

f.    Failed to offer the victim of abuse, neglect, or exploitation Plaintiff Jane Doe immediate and
adequate information (written in a language appropriate for the victim), which shall include a
summary of the procedures and relief available to victims of abuse under subsection (c) of
Section 217 [750 ILCS 60/217] and the officer's name and badge number. 750 ILCS 60/304

g.    Failed to provide the victim Plaintiff Jane Doe with one referral to an accessible service
agency. 750 ILCS 60/304

h.    Failed to advise the victim of abuse Plaintiff Jane Doe about seeking medical attention and
preserving evidence, specifically including photographs of injury or damage and damaged
clothing or other property. 750 ILCS 60/304

8

i. Failed to provide or arrange accessible transportation for the victim of abuse Plaintiff Jane Doe to a medical facility for treatment of injuries or to a nearby place of shelter or safety; or, after the close of court business hours, providing or arranging for transportation for the victim Jane Doe to the nearest available circuit judge or associate judge so the victim may file a petition for an emergency order of protection under subsection (c) of Section 217 [750 ILCS 60/217]. 750 ILCS 60/304

j. Inform the victim of abuse neglect, or exploitation Plaintiff Jane Doe of the victim's right to request that a criminal proceeding be initiated where appropriate, including specific times and places for meeting with the State's Attorney's office, a warrant officer, or other official in accordance with local procedure. 750 ILCS 60/304.

48. As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

a. Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

b. Severe emotional and psychological injuries; and

c. Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered.

WHEREFORE, Jane Doe, demands judgment against Defendant City of Harvey, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

## COUNT IV – FRAUDULENT CONCEALMENT
## THE CITY OF HARVEY

49. Plaintiff incorporates paragraphs 1 to 32, and 44 to 48, as though fully stated herein.

50. Defendant The City of Harvey owed a fiduciary or confidential relationship toward the Minor Plaintiff Jane Doe, as a child subject to sexual and domestic abuse.

51.     Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

52.     Defendant The City of Harvey, by and through its agents, willfully and wantoningly and/or with reckless disregard fraudulently concealed Plaintiff's cause of action, as follows:

   a.   Knowingly and actively suppressed the truth with the intent to prevent inquiry or knowledge of the injury, including but not limited to the following

        i.    Failing to test the rape kit for a period of over ten years.

        ii.   Failing to investigation the allegations against Defendant Robert Buchanan

        iii.  Failing to arrest Defendant Robert Buchanan.

        iv.   Failing to notify Jane Doe that her rape test kit was never tested.

   b.   Knowingly failing to disclose when Defendant had a duty to speak with the intent to prevent inquiry or knowledge of the injury, including but not limited to the following:

        i.    Failing to notify testing facilities of Jane Doe rape kit for a period of over ten years.

        ii.   Failing to notify Plaintiff's of her rights, pursuant to the Illinois Domestic Violence Act of 1986, 750 ILCS 60/304.

        iii.  Failing to notify Jane Doe that her rape test kit was never tested.

   c.   Conveyed  to the Plaintiff a knowing or intentional, material misrepresentation upon which the Plaintiff reasonably, and without knowledge, acted or relied.

53.     As a direct and proximate result of Defendant's conduct, Plaintiff Jane Doe  was mislead as to her causes of action, against Defendants Robert Buchanan, as well as City of Harvey, Harvey Police Department.

54.     On or about April 2011, Plaintiff became aware of the sexual assaults and Defendant's willful and wanton conduct when she was notified by authorities.

55.     Plaintiff Jane Doe could not have learned of the existence of her causes of action, when the evidence was in the exclusive control of Defendant, and the Defendant's conduct caused Jane Doe to have suppressed memory.

56.     As a direct and proximate result of Defendant's fraudulent concealment, Jane Doe suffered injuries, including but not limited to:

   a.   Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

   b.   Severe emotional and psychological injuries;

   c.   Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered; and

   d.   A delayed right to redress the wrongs against her.

   WHEREFORE, Jane Doe, demands judgment against Defendant The City of Harvey, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper

### COUNT V     - 42 U.S.C. §1983 DUE PROCESS
### THE CITY OF HARVEY

57.     Plaintiff incorporates paragraphs 1 to 32, and 44 to 56, as though fully stated herein.

58.     This Count is brought pursuant to 42 U.S.C. §1983, against The City of Harvey.

59.     At all times relevant herein, City of Harvey, Harvey Police Department, acted under the color of the state.

60.     At all times relevant herein, Defendant The City of Harvey, knew or should have known that Defendant Robert Buchanan sexually abused then minor, Plaintiff Jane Doe.

61.     Defendant had a duty to intervene and protect Jane Doe from her step father.

62.     Defendant The City of Harvey affirmatively placed Jane Doe in danger, including but not limited to when:

   a.   Defendant permitted Jane Doe to return home and live with her step-father Robert Buchanan, who sexually assaulted her.

11

b. Defendant released Robert Buchanan and permitted him to return to live in the same residence as Jane Doe.

c. Defendant conspired to keep the sexual assault a secret, by having a custom to withhold evidence, failing to investigate, failing to arrest, and failing to notify D.C.F.S. of sexual assaults of minors.

63.   Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

64.   At all times relevant herein, Defendant The City of Harvey with deliberate indifference, intentionally, willfully and wantoningly, and/or with reckless disregard deprived Plaintiff Jane Doe of rights and/or privileges secured by the constitution, including but not limited to:

a. Plaintiff's property interest under the Due Process Clause, as follows:

i.   Defendant's reckless or with deliberate indifference failed to investigate, submit Plaintiff's rape test kit, and arrest Defendant Robert Buchanan, violated Plaintiff's property interest in her DNA and Defendant Buchanan's DNA, given to Plaintiff, stored at Defendants' facility, and her right to redress in the courts.

ii.   Defendant's reckless or with deliberate indifference failed to investigate, submit Plaintiff's rape test kit, and arrest Defendant Robert Buchanan, violated Plaintiff's property interest in her person, and her right to protection under the law from sexual abuse.

b. Plaintiff's liberty interest under the Due Process Clause, by refusing to provide assistance in protecting Plaintiff from domestic and sexual abuse, when Defendants placed her in harms way.

65.   Defendant The City of Harvey with deliberate indifference, failed to train its police officers as to the rights of persons with whom the police come into contact, including but not limited to Plaintiff Jane Doe.

66. Defendant's deliberate indifference, willfully and wantoningly, created a danger of and increased the risk of harm by sexual abuse, and/or fostered an environment to exist and continue in which a minor was sexual abused.

67. Defendant The City of Harvey, by and through there officers, violated Plaintiff's civil right when:

   a. An express policy that, when enforced, caused a constitutional deprivation of Plaintiff

   b. A widespread practice and/or custom that, although not authorized by written law or express municipal policy, was so permanent and well settled as to constitute a custom or usage with the force of law.

   c. An allegation that the constitutional injury was caused by a person with final policymaking authority.

   d. Defendant's knew about the conduct and facilitated it, approve it, condone it, and/or turned a blind eye to the conduct.

68. As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

   a. Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

   b. Severe emotional and psychological injuries;

   c. Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered; and

   d. A delayed right to redress the wrongs against her.

WHEREFORE, Jane Doe, demands judgment against Defendant The City of Harvey, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

## COUNT VI    - 42 U.S.C. §1983 EQUAL PROTECTION
## THE CITY OF HARVEY

69. Plaintiff incorporates paragraphs 1 to 32, and 34 to 68, as though fully stated herein.

70. This Count is brought pursuant to 42 U.S.C. §1983, against The City of Harvey.

71.     At all times relevant herein, City of Harvey, Harvey Police Department, acted under the color of the state.

72.     At all times relevant herein, Defendant The City of Harvey, knew or should have known that Defendant Robert Buchanan sexually abused then minor, Plaintiff Jane Doe.

73.     Defendant had a duty to intervene and protect Jane Doe from her step father.

74.     Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

75.     At all times relevant herein, Defendant The City of Harvey with deliberate indifference, intentionally, willfully and wantoningly, and/or with reckless disregard deprived Plaintiff Jane Doe of rights and/or privileges secured by the constitution, including but not limited to:

   a.   Plaintiff's property interest under the Due Process Clause, as follows:

      i.    Defendant's reckless or with deliberate indifference failed to investigate, submit Plaintiff's rape test kit, and arrest Defendant Robert Buchanan, violated Plaintiff's property interest in her DNA and Defendant Buchanan's DNA, given to Plaintiff, stored at Defendants' facility, and her right to redress in the courts.

      ii.   Defendant's reckless or with deliberate indifference failed to investigate, submit Plaintiff's rape test kit, and arrest Defendant Robert Buchanan, violated Plaintiff's property interest in her person, and her right to protection under the law from sexual abuse.

   b.   Plaintiff's liberty interest under the Due Process Clause, by refusing to provide assistance in protecting Plaintiff from domestic and sexual abuse.

76.     Defendant The City of Harvey with deliberate indifference, failed to train its police officers as to the rights of persons with whom the police come into contact, including but not limited to Plaintiff Jane Doe.

77.     Defendant's deliberate indifference, willfully and wantoningly, created a danger of and increased the risk of harm by sexual abuse, and/or fostered an environment to exist and continue in which a minor was sexual abused.

78.     Defendant's conduct was motivated by gender.

79.     Defendant's conduct was purposefully and due to Plaintiff's gender as a female.

80.     Defendant's have a history of discriminating against females, Defendant treats domestic violence abuse reports from women with less priority than other crimes not involving women reporting domestic violence abuse.

81.     Defendant The City of Harvey, by and through there officers, violated Plaintiff's civil right when:

   a.   An express policy that, when enforced, caused a constitutional deprivation of Plaintiff

   b.   A widespread practice and/or custom that, although not authorized by written law or express municipal policy, was so permanent and well settled as to constitute a custom or usage with the force of law.

   c.   An allegation that the constitutional injury was caused by a person with final policymaking authority.

   d.   Defendant's knew about the conduct and facilitated it, approve it, condone it, and/or turned a blind eye to the conduct.

82.     As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

   a.   Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

   b.   Severe emotional and psychological injuries;

   c.   Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered; and

   d.   A delayed right to redress the wrongs against her.

15

WHEREFORE, Jane Doe, demands judgment against Defendant The City of Harvey, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## THE CITY OF HARVEY

83.    Plaintiff incorporates paragraphs 1 to 32, and 44 to 82, as though fully stated herein.

84.    At all times relevant herein, Officer Neal Frundle, Sergeant Oscar Perry and Commander Andrew Joshua were acting in the scope of their employment with The City of Harvey, and as their agents.

85.    Defendant The City of Harvey, by and through its agents, intentionally breached the following duties:

   a.   Failed to submit the rape test kit for analysis for a period of over ten years,

   b.   Failed to investigate the allegations,

   c.   Failed to remove the Plaintiff from Defendant Robert Buchanan's custody or provide support pursuant to the Illinois Domestic Violence Act,

   d.   Failed to arrest Robert Buchanan

   e.   Fraudulently concealed Plaintiff's causes of action against Defendant Robert Buchanan, The City of Harvey; and

   f.   Violated Plaintiff's rights pursuant to the Due Process Clause.

86.    Defendant's intentional conduct in was so extreme and outrageous as to go beyond all possible bounds of decency.

87.    Defendant's intentional conduct occurred repeatedly for over ten years.

88.    As a result, Jane Doe experienced severe fright, horror, grief, shame, humiliation, and worry.

89.    No reasonable person, especially a minor, could have endured the Defendant's conduct.

90.    As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

    a.   Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

    b.   Severe emotional and psychological injuries; and

    c.   Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered.

WHEREFORE, Jane Doe, demands judgment against Defendant The City of Harvey, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper

## COUNT VIII – WILLFUL AND WANTON
## THE CITY OF HARVEY

91.    Plaintiff incorporates paragraphs 1 to 32, and 44 to 90, as though fully stated herein.

92.    At all times relevant herein, Officer Neal Frundle, Oscar Perry, and Commander Andrew Joshua were acting in the scope of their employment with The City of Harvey.

93.    Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

94.    Defendant The City of Harvey, by and through their agents, willfully and wantoning and/or with reckless disregard, breached the following duties:

    a.   Failed to submit the rape test kit for analysis for a period of over ten years,

    b.   Failed to investigate the allegations,

    c.   Failed to remove the Plaintiff from Defendant Robert Buchanan's custody or provide support pursuant to the Illinois Domestic Violence Act,

    d.   Failed to arrest Robert Buchanan

    e.   Fraudulently concealed Plaintiff's causes of action against Defendants Robert Buchanan, and City of Harvey;

    f.   Violated Plaintiff's rights pursuant to the Due Process Clause; and

    g.   Was otherwise willful and wanton.

95.    As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

    a.    Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

    b.    Severe emotional and psychological injuries; and

    c.    Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered.

WHEREFORE, Jane Doe, demands judgment against Defendant The City of Harvey, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper

## COUNT IX – 42 U.S.C §1985
## CONSPIRACY OF DEPRIVATION OF RIGHTS AND PRIVILEGES
## THE CITY OF HARVEY

96.    Plaintiff incorporates paragraphs 1 to 32, and 44 to 95, as though fully stated herein.

97.    This Count is brought pursuant to 42 U.S.C. §1985

98.    At all times relevant herein, Officer Neal Frundle, Sergeant Oscar Perry and Commander Andrew Joshua were acting in the scope of their employment with The City of Harvey.

99.    Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

100.    Two or more of the Defendant City of Harvey, by and through the Harvey Police Department Officers and/or employees, including but not limited to Officer Neal Frundle, Sergeant Oscar Perry and Commander Andrew Joshua conspired to deprive Plaintiff Jane Doe of her rights and privileges under the law, including but not limited to, preventing or hindering the constituted authorities of Illinois from giving or securing to her the equal protection of the laws.

101.     Defendant The City of Harvey, by or through its agents,  purposefully, knowingly and willfully conspired to the following:

    a.   Adopting a policy, procedure, and/or practice of failing to submit rape test kits.

    b.   Adopting a policy, procedure and/or practice of not investigating allegations of sexual assault.

102.   Defendant's conspiracy was motivated by gender.

103.   Defendant's policies, procedures, and/or practices with regard to investigations of sexual assaults intentionally and disparately impacted female victims.

104.   Moreover, Defendant The City of Harvey, by or through its agents, knowingly and willfully conspired to the following:

    a.   Failing to submit Jane Doe' rape test kit for analysis for a period of over ten years,

    b.   Failing to investigate the allegations of rape of Jane Doe,

    c.   Failing to remove the Plaintiff from Defendant Robert Buchanan's custody or provide support pursuant to the Illinois Domestic Violence Act,

    d.   Failing to arrest Robert Buchanan

    e.   Fraudulently concealing Plaintiff's causes of action against Defendants Robert Buchanan, and The City of Harvey;

    f.   Violating Plaintiff's rights pursuant to the Due Process Clause; and

    g.   Otherwise conspired to prevent or hinder the constituted authorities of Illinois from giving or securing to Jane Doe the equal protection of the laws.

105.   The Defendant's conspiracy was purposefully and due to Plaintiff's gender as a female.

106.   Defendant The City of Harvey, by and through there officers, violated Plaintiff's civil right when:

    a.   An express policy that, when enforced, caused a constitutional deprivation

    b.   A widespread practice that, although not authorized by written law or express municipal policy, was so permanent and well settled as to constitute a custom or usage with the force of law.

    c.   An allegation that the constitutional injury was caused by a person with final policymaking authority.

    d.   Defendant's knew about the conduct and facilitate it, approve it, condone it, and/or or turn a blind eye.

107.   As a direct and proximate result of Defendant's conduct, Defendant deprived Plaintiff of rights and privileges, including but not limited to:

    a.   Protection of her property interest in her person

    b.   Protection of her right to the courts.

108.   As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

    a.   Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

    b.   Severe emotional and psychological injuries; and

    c.   Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered.

WHEREFORE, Jane Doe, demands judgment against Defendant The City of Harvey, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

### COUNT X– ILLINOIS DOMESTIC VIOLENCE ACT OF 1986
### NEAL FRUNDLE

109.   Plaintiff incorporates paragraphs 1 to 32, as though fully stated herein.

110.   At all times relevant herein, Neal Frundle was acting in the scope of their employment with The City of Harvey, and/or as their agents.

111.   Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

112.   Defendant Officer Neal Frundle willfully and wantoningly and/or with reckless disregard, breached the following duties:

a.  Failed to make a written police report of any bona fide allegation and the disposition of such investigation, which included the victim's statements as to the frequency and severity of prior incidents of abuse, neglect, or exploitation by the same family or household member and the number of prior calls for police assistance to prevent such further abuse, neglect, or exploitation. 750 ILCS 60/303

b.  Failed to record and compile the report as a domestic crime within the meaning of Section 5.1 of the Criminal Identification Act [20 ILCS 2630/5.1]. 750 ILCS 60/303

c.  Failed to arrest the abusing, neglecting and exploiting party, Defendant Robert Buchanan. 750 ILCS 60/304(A)(1)

d.  Failed to accompany the victim of abuse, neglect, or exploitation Plaintiff Jane Doe to her place of residence for a reasonable period of time to remove necessary personal belongings and possessions. 750 ILCS 60/304

e.  Failed to offer the victim of abuse, neglect, or exploitation Plaintiff Jane Doe immediate and adequate information (written in a language appropriate for the victim), which shall include a summary of the procedures and relief available to victims of abuse under subsection (c) of Section 217 [750 ILCS 60/217] and the officer's name and badge number. 750 ILCS 60/304

f.  Failed to provide the victim Plaintiff Jane Doe with one referral to an accessible service agency. 750 ILCS 60/304

g.  Failed to advise the victim of abuse Plaintiff Jane Doe about seeking medical attention and preserving evidence, specifically including photographs of injury or damage and damaged clothing or other property. 750 ILCS 60/304

h.  Failed to provide or arrange accessible transportation for the victim of abuse Plaintiff Jane Doe to a medical facility for treatment of injuries or to a nearby place of shelter or safety; or, after the close of court business hours, providing or arranging for transportation for the victim Jane Doe to the nearest available circuit judge or associate judge so the victim may file a

petition for an emergency order of protection under subsection (c) of Section 217 [750 ILCS 60/217]. 750 ILCS 60/304

    i. Inform the victim of abuse neglect, or exploitation Plaintiff Jane Doe of the victim's right to request that a criminal proceeding be initiated where appropriate, including specific times and places for meeting with the State's Attorney's office, a warrant officer, or other official in accordance with local procedure. 750 ILCS 60/304.

113. As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

    a. Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

    b. Severe emotional and psychological injuries; and

    c. Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered.

WHEREFORE, Jane Doe, demands judgment against Defendant Neal Frundle, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

## COUNT XI – FRAUDULENT CONCEALMENT
## NEAL FRUNDLE

114. Plaintiff incorporates paragraphs 1 to 32, and 109 to 113, as though fully stated herein.

115. Defendant Neal Frundle owed a fiduciary or confidential relationship toward the Minor Plaintiff Jane Doe, as a child subject to sexual and domestic abuse.

116. Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

117. Defendant Neal Frundle willfully and wantoningly and/or with reckless disregard fraudulently concealed Plaintiff's cause of action, as follows:

    a. Knowingly and actively suppressed the truth with the intent to prevent inquiry or knowledge of the injury, including but not limited to the following

        i. Failing to test the rape kit for a period of over ten years.

        ii. Failing to investigation the allegations against Defendant Robert Buchanan

        iii. Failing to arrest Defendant Robert Buchanan.

        iv. Failing to notify Jane Doe that her rape test kit was never tested.

    b. Knowingly failing to disclose when Defendant had a duty to speak with the intent to prevent inquiry or knowledge of the injury, including but not limited to the following:

        i. Failing to notify testing facilities of Jane Doe rape kit for a period of over ten years.

        ii. Failing to notify Plaintiff's of her rights, pursuant to the Illinois Domestic Violence Act of 1986, 750 ILCS 60/304.

        iii. Failing to notify Jane Doe that her rape test kit was never tested.

    c. Conveyed to the Plaintiff a knowing or intentional, material misrepresentation upon which the Plaintiff reasonably, and without knowledge, acted or relied.

118. As a direct and proximate result of Defendant's conduct, Plaintiff Jane Doe was mislead as to her causes of action, against Defendants Robert Buchanan, as well as City of Harvey, Harvey Police Department, Neal Frundle, Oscar Perry, and Andrew Joshua.

119. On or about April 2011, Plaintiff became aware of the sexual assaults and Defendant's willful and wanton conduct when she was notified by authorities.

120. Plaintiff Jane Doe could not have learned of the existence of her causes of action, when the evidence was in the exclusive control of Defendant, and the Defendant's conduct caused Jane Doe to have suppressed memory.

121. As a direct and proximate result of Defendant's fraudulent concealment, Jane Doe suffered injuries, including but not limited to:

    a. Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

    b.   Severe emotional and psychological injuries;

    c.   Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered; and

    d.   A delayed right to redress the wrongs against her.

WHEREFORE, Jane Doe, demands judgment against Defendant Neal Frundle, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

### COUNT XII    - 42 U.S.C. §1983 DUE PROCESS
### NEAL FRUNDLE

122.    Plaintiff incorporates paragraphs 1 to 32, and 109 to 121, as though fully stated herein.

123.    This Count is brought pursuant to 42 U.S.C. §1983, against Neal Frundle, in his official and individual capacity.

124.    At all times relevant herein, Defendant knew or should have known that Defendant Robert Buchanan sexually abused then minor, Plaintiff Jane Doe.

125.    Defendant had a duty to intervene and protect Jane Doe from her step father.

126.    Defendant affirmatively placed Jane Doe in danger, including but not limited to when:

    a.   Defendant permitted Jane Doe to return home and live with her step-father Robert Buchanan, who sexually assaulted her.

    b.   Defendant released Robert Buchanan and permitted him to return to live in the same residence as Jane Doe.

    c.   Defendant did not notify the Department of Child and Family Services of the alleged sexual assault, and conspired to keep it a secret.

127.    Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

128.  At all times relevant herein, Defendant with deliberate indifference, intentionally, willfully and wantoningly, and/or with reckless disregard deprived Plaintiff Jane Doe of rights and/or privileges secured by the constitution, including but not limited to:

   a.  Plaintiff's property interest under the Due Process Clause, as follows:

       i.   Defendant's reckless or with deliberate indifference failed to investigate, submit Plaintiff's rape test kit, and arrest Defendant Robert Buchanan, violated Plaintiff's property interest in her DNA and Defendant Buchanan's DNA, given to Plaintiff, stored at Defendants' facility, and her right to redress in the courts.

       ii.  Defendant's reckless or with deliberate indifference failed to investigate, submit Plaintiff's rape test kit, and arrest Defendant Robert Buchanan, violated Plaintiff's property interest in her person, and her right to protection under the law from sexual abuse.

   b.  Plaintiff's liberty interest under the Due Process Clause, by refusing to provide assistance in protecting Plaintiff from domestic and sexual abuse, when Defendants placed her in harms way.

129.  Defendant's deliberate indifference, willfully and wantoningly, created a danger of and increased the risk of harm by sexual abuse, and/or fostered an environment to exist and continue in which a minor was sexual abused.

130.  As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

   a.  Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

   b.  Severe emotional and psychological injuries;

   c.  Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered; and

   d.  A delayed right to redress the wrongs against her.

WHEREFORE, Jane Doe, demands judgment against Defendant Neal Frundle, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

## COUNT XIII - 42 U.S.C. §1983 EQUAL PROTECTION
## NEAL FRUNDLE

131.    Plaintiff incorporates paragraphs 1 to 32, and 109 to 130, as though fully stated herein.

132.    This Count is brought pursuant to 42 U.S.C. §1983 against Neal Frundle, in his official and individual capacity.

133.    At all times relevant herein, Defendant Neal Frundle knew that Defendant Robert Buchanan sexually abused then minor, Plaintiff Jane Doe.

134.    Defendant had a duty to intervene and protect Jane Doe from her step father.

135.    Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

136.    At all times relevant herein, Defendant with deliberate indifference, intentionally, willfully and wantoningly, and/or with reckless disregard deprived Plaintiff Jane Doe of rights and/or privileges secured by the constitution, including but not limited to:

a.    Plaintiff's property interest under the Due Process Clause, as follows:

    i.    Defendant's reckless or with deliberate indifference failed to investigate, submit Plaintiff's rape test kit, and arrest Defendant Robert Buchanan, violated Plaintiff's property interest in her DNA and Defendant Buchanan's DNA, given to Plaintiff, stored at Defendants' facility, and her right to redress in the courts.

    ii.    Defendant's reckless or with deliberate indifference failed to investigate, submit Plaintiff's rape test kit, and arrest Defendant Robert Buchanan, violated Plaintiff's property interest in her person, and her right to protection under the law from sexual abuse.

b. Plaintiff's liberty interest under the Due Process Clause, by refusing to provide assistance in protecting Plaintiff from domestic and sexual abuse.

137. Defendant's deliberate indifference, willfully and wantoningly, created a danger of and increased the risk of harm by sexual abuse, and/or fostered an environment to exist and continue in which a minor was sexual abused.

138. Defendant's conduct was motivated by gender.

139. Defendant's conduct was purposefully and due to Plaintiff's gender as a female.

140. Defendant has a history of discriminating against females, Defendant treats domestic violence abuse reports from women with less priority than other crimes not involving women reporting domestic violence abuse.

141. As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

a. Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

b. Severe emotional and psychological injuries;

c. Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered; and

d. A delayed right to redress the wrongs against her.

WHEREFORE, Jane Doe, demands judgment against Defendant Neal Frundle, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

## COUNT XIV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## NEAL FRUNDLE

142. Plaintiff incorporates paragraphs 1 to 32, and 109 to 141, as though fully stated herein.

143. Defendant intentionally breached the following duties:

a. Failed to submit the rape test kit for analysis for a period of over ten years,

b. Failed to investigate the allegations,

    c.   Failed to remove the Plaintiff from Defendant Robert Buchanan's custody or provide support pursuant to the Illinois Domestic Violence Act,

    d.   Failed to arrest Robert Buchanan

    e.   Fraudulently concealed Plaintiff's causes of action against Defendant Robert Buchanan, The City of Harvey; and

    f.   Violated Plaintiff's rights pursuant to the Due Process Clause.

144.   Defendant's intentional conduct in was so extreme and outrageous as to go beyond all possible bounds of decency.

145.   Defendant's intentional conduct occurred repeatedly for over ten years.

146.   As a result, Jane Doe experienced severe fright, horror, grief, shame, humiliation, and worry.

147.   No reasonable person, especially a minor, could have endured the Defendant's conduct.

148.   As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

    a.   Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

    b.   Severe emotional and psychological injuries; and

    c.   Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered.

WHEREFORE, Jane Doe, demands judgment against Defendant Neal Frundle, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper

## COUNT XV – WILLFUL AND WANTON
## NEAL FRUNDLE

149.   Plaintiff incorporates paragraphs 1 to 32, and 109 to 148, as though fully stated herein.

150.   Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

28

151.    Defendant willfully and wantoning and/or with reckless disregard, breached the following duties:

    a.    Failed to submit the rape test kit for analysis for a period of over ten years,

    b.    Failed to investigate the allegations,

    c.    Failed to remove the Plaintiff from Defendant Robert Buchanan's custody or provide support pursuant to the Illinois Domestic Violence Act,

    d.    Failed to arrest Robert Buchanan

    e.    Fraudulently concealed Plaintiff's causes of action against Defendants Robert Buchanan, and City of Harvey;

    f.    Violated Plaintiff's rights pursuant to the Due Process Clause; and

    g.    Was otherwise willful and wanton.

152.    As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

    a.    Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

    b.    Severe emotional and psychological injuries; and

    c.    Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered.

WHEREFORE, Jane Doe, demands judgment against Defendant Neal Frundle, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper

**COUNT XVI – 42 U.S.C §1985**
**CONSPIRACY OF DEPRIVATION OF RIGHTS AND PRIVILEGES**
**NEAL FRUNDLE**

153.    Plaintiff incorporates paragraphs 1 to 32, and 109 to 153, as though fully stated herein.

154.    This Count is brought pursuant to 42 U.S.C. §1985, against Neal Frundle in his official and individual capacity.

155.    Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

156.    Two or more of the Harvey Police Department Officers and/or employees, including but not limited to Officer Neal Frundle, Sergeant Oscar Perry, and Commander Andrew Joshua conspired to deprive Plaintiff Jane Doe of her rights and privileges under the law, including but not limited to, preventing or hindering the constituted authorities of Illinois from giving or securing to her the equal protection of the laws.

157.    Defendant The City of Harvey, by or through its agents,  purposefully, knowingly and willfully conspired to the following:

   a.   Adopting a policy, procedure, and/or practice of failing to submit rape test kits.

   b.   Adopting a policy, procedure and/or practice of not investigating allegations of sexual assault.

158.    Defendant's conspiracy was motivated by gender.

159.    Defendant's policies, procedures, and/or practices with regard to investigations of sexual assaults intentionally and disparately impacted female victims.

160.    Moreover, Defendant knowingly and willfully conspired to the following:

   a.   Failing to submit Jane Doe' rape test kit for analysis for a period of over ten years,

   b.   Failing to investigate the allegations of rape of Jane Doe,

   c.   Failing to remove the Plaintiff from Defendant Robert Buchanan's custody or provide support pursuant to the Illinois Domestic Violence Act,

   d.   Failing to arrest Robert Buchanan

   e.   Fraudulently concealing Plaintiff's causes of action against Defendants Robert Buchanan, and The City of Harvey;

   f.   Violating Plaintiff's rights pursuant to the Due Process Clause; and

    g.  Otherwise conspired to prevent or hinder the constituted authorities of Illinois from giving or securing to Jane Doe the equal protection of the laws.

161.    The Defendant's conspiracy was purposefully and due to Plaintiff's gender as a female.

162.    As a direct and proximate result of Defendant's conduct, Defendant deprived Plaintiff of rights and privileges, including but not limited to:

    a.  Protection of her property interest in her person

    b.  Protection of her right to the courts.

163.    As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

    a.  Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

    b.  Severe emotional and psychological injuries; and

    c.  Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered.

WHEREFORE, Jane Doe, demands judgment against Defendant Neal Frundle, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

## COUNT XVII – ILLINOIS DOMESTIC VIOLENCE ACT OF 1986
## OSCAR PERRY

164.    Plaintiff incorporates paragraphs 1 to 32, as though fully stated herein.

165.    At all times relevant herein, Neal Frundle was acting in the scope of their employment with The City of Harvey, and/or as their agents.

166.    Sergeant Oscar Perry condoned the actions of Officer Neal Frundle, and failed to train, discipline, and/or otherwise supervise Officer Frundle with respect to the allegations against Robert Buchanan.

167.    Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

168.    Defendant Sergeant Oscar Perry, by and through his subordinate Officer Neal Frundle, willfully and wantoningly and/or with reckless disregard, breached the following duties:

a.    Failed to make a written police report of any bona fide allegation and the disposition of such investigation, which included the victim's statements as to the frequency and severity of prior incidents of abuse, neglect, or exploitation by the same family or household member and the number of prior calls for police assistance to prevent such further abuse, neglect, or exploitation. 750 ILCS 60/303

b.    Failed to record and compile the report as a domestic crime within the meaning of Section 5.1 of the Criminal Identification Act [20 ILCS 2630/5.1]. 750 ILCS 60/303

c.    Failed to arrest the abusing, neglecting and exploiting party, Defendant Robert Buchanan. 750 ILCS 60/304(A)(1)

d.    Failed to accompany the victim of abuse, neglect, or exploitation Plaintiff Jane Doe to her place of residence for a reasonable period of time to remove necessary personal belongings and possessions. 750 ILCS 60/304

e.    Failed to offer the victim of abuse, neglect, or exploitation Plaintiff Jane Doe immediate and adequate information (written in a language appropriate for the victim), which shall include a summary of the procedures and relief available to victims of abuse under subsection (c) of Section 217 [750 ILCS 60/217] and the officer's name and badge number. 750 ILCS 60/304

f.    Failed to provide the victim Plaintiff Jane Doe with one referral to an accessible service agency. 750 ILCS 60/304

g.    Failed to advise the victim of abuse Plaintiff Jane Doe about seeking medical attention and preserving evidence, specifically including photographs of injury or damage and damaged clothing or other property. 750 ILCS 60/304

h.  Failed to provide or arrange accessible transportation for the victim of abuse Plaintiff Jane Doe to a medical facility for treatment of injuries or to a nearby place of shelter or safety; or, after the close of court business hours, providing or arranging for transportation for the victim Jane Doe to the nearest available circuit judge or associate judge so the victim may file a petition for an emergency order of protection under subsection (c) of Section 217 [750 ILCS 60/217]. 750 ILCS 60/304

i.  Inform the victim of abuse neglect, or exploitation Plaintiff Jane Doe of the victim's right to request that a criminal proceeding be initiated where appropriate, including specific times and places for meeting with the State's Attorney's office, a warrant officer, or other official in accordance with local procedure. 750 ILCS 60/304.

169.  As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

a.  Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

b.  Severe emotional and psychological injuries; and

c.  Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered.

WHEREFORE, Jane Doe, demands judgment against Defendant Oscar Perry, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

## COUNT XVIII – FRAUDULENT CONCEALMENT
## OSCAR PERRY

170.  Plaintiff incorporates paragraphs 1 to 32, and 164 to 169, as though fully stated herein.

171.  Defendant Oscar Perry owed a fiduciary or confidential relationship toward the Minor Plaintiff Jane Doe, as a child subject to sexual and domestic abuse.

172. Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

173. Defendant Oscar Perry willfully and wantoningly and/or with reckless disregard fraudulently concealed Plaintiff's cause of action, as follows:

   a. Knowingly and actively suppressed the truth with the intent to prevent inquiry or knowledge of the injury, including but not limited to the following

      i. Failing to test the rape kit for a period of over ten years.

      ii. Failing to investigation the allegations against Defendant Robert Buchanan

      iii. Failing to arrest Defendant Robert Buchanan.

      iv. Failing to notify Jane Doe that her rape test kit was never tested.

   b. Knowingly failing to disclose when Defendant had a duty to speak with the intent to prevent inquiry or knowledge of the injury, including but not limited to the following:

      i. Failing to notify testing facilities of Jane Doe rape kit for a period of over ten years.

      ii. Failing to notify Plaintiff's of her rights, pursuant to the Illinois Domestic Violence Act of 1986, 750 ILCS 60/304.

      iii. Failing to notify Jane Doe that her rape test kit was never tested.

   c. Conveyed to the Plaintiff a knowing or intentional, material misrepresentation upon which the Plaintiff reasonably, and without knowledge, acted or relied.

174. As a direct and proximate result of Defendant's conduct, Plaintiff Jane Doe was mislead as to her causes of action, against Defendants Robert Buchanan, as well as City of Harvey, Harvey Police Department, Neal Frundle, Oscar Perry, and Andrew Joshua.

175. On or about April 2011, Plaintiff became aware of the sexual assaults and Defendant's willful and wanton conduct when she was notified by authorities.

176.    Plaintiff Jane Doe could not have learned of the existence of her causes of action, when the evidence was in the exclusive control of Defendant, and the Defendant's conduct caused Jane Doe to have suppressed memory.

177.    As a direct and proximate result of Defendant's fraudulent concealment, Jane Doe suffered injuries, including but not limited to:

a.    Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

b.    Severe emotional and psychological injuries;

c.    Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered; and

d.    A delayed right to redress the wrongs against her.

WHEREFORE, Jane Doe, demands judgment against Defendant Oscar Perry, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

## COUNT XIX  - 42 U.S.C. §1983 DUE PROCESS
## OSCAR PERRY

178.    Plaintiff incorporates paragraphs 1 to 32, and 164 to 177, as though fully stated herein.

179.    This Count is brought pursuant to 42 U.S.C. §1983, against Oscar Perry in his official and individual capacity.

180.    At all times relevant herein, Defendant, knew or should have known that Defendant Robert Buchanan sexually abused then minor, Plaintiff Jane Doe.

181.    Defendant had a duty to intervene and protect Jane Doe from her step father.

182.    Defendant affirmatively placed Jane Doe in danger, including but not limited to when:

a.    Defendant permitted Jane Doe to return home and live with her step-father Robert Buchanan, who sexually assaulted her.

b.    Defendant released Robert Buchanan and permitted him to return to live in the same residence as Jane Doe.

    c.   Defendant conspired to keep the sexual assault a secret, by having a custom to withhold evidence, failing to investigate, failing to arrest, and failing to notify D.C.F.S. of sexual assaults of minors.

    d.   Defendant condoned the actions of its officers.

183.   Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

184.   At all times relevant herein, Defendant with deliberate indifference, intentionally, willfully and wantoningly, and/or with reckless disregard deprived Plaintiff Jane Doe of rights and/or privileges secured by the constitution, including but not limited to:

    a.   Plaintiff's property interest under the Due Process Clause, as follows:

        i.   Defendant's reckless or with deliberate indifference failed to investigate, submit Plaintiff's rape test kit, and arrest Defendant Robert Buchanan, violated Plaintiff's property interest in her DNA and Defendant Buchanan's DNA, given to Plaintiff, stored at Defendants' facility, and her right to redress in the courts.

        ii.   Defendant's reckless or with deliberate indifference failed to investigate, submit Plaintiff's rape test kit, and arrest Defendant Robert Buchanan, violated Plaintiff's property interest in her person, and her right to protection under the law from sexual abuse.

    b.   Plaintiff's liberty interest under the Due Process Clause, by refusing to provide assistance in protecting Plaintiff from domestic and sexual abuse, when Defendants placed her in harms way.

185.   Defendant with deliberate indifference, failed to train its police officers as to the rights of persons with whom the police come into contact, including but not limited to Plaintiff Jane Doe.

186. Defendant's deliberate indifference, willfully and wantoningly, created a danger of and increased the risk of harm by sexual abuse, and/or fostered an environment to exist and continue in which a minor was sexual abused.

187. Defendant, by and through there officers, violated Plaintiff's civil right when:

   a. An express policy that, when enforced, caused a constitutional deprivation of Plaintiff

   b. A widespread practice and/or custom that, although not authorized by written law or express municipal policy, was so permanent and well settled as to constitute a custom or usage with the force of law.

   c. An allegation that the constitutional injury was caused by a person with final policymaking authority.

   d. Defendant's knew about the conduct and facilitated it, approve it, condone it, and/or turned a blind eye to the conduct.

188. As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

   a. Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

   b. Severe emotional and psychological injuries;

   c. Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered; and

   d. A delayed right to redress the wrongs against her.

WHEREFORE, Jane Doe, demands judgment against Defendant Oscar Perry, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

### COUNT XX    - 42 U.S.C. §1983 EQUAL PROTECTION
### OSCAR PERRY

189. Plaintiff incorporates paragraphs 1 to 32, and 164 to 188, as though fully stated herein.

190. This Count is brought pursuant to 42 U.S.C. §1983, against Oscar Perry in his official and individual capacity.

191. At all times relevant herein, Defendant, knew or should have known that Defendant Robert Buchanan sexually abused then minor, Plaintiff Jane Doe.

192. Defendant had a duty to intervene and protect Jane Doe from her step father.

193. Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

194. At all times relevant herein, Defendant with deliberate indifference, intentionally, willfully and wantoningly, and/or with reckless disregard deprived Plaintiff Jane Doe of rights and/or privileges secured by the constitution, including but not limited to:

    a. Plaintiff's property interest under the Due Process Clause, as follows:

        i. Defendant's reckless or with deliberate indifference failed to investigate, submit Plaintiff's rape test kit, and arrest Defendant Robert Buchanan, violated Plaintiff's property interest in her DNA and Defendant Buchanan's DNA, given to Plaintiff, stored at Defendants' facility, and her right to redress in the courts.

        ii. Defendant's reckless or with deliberate indifference failed to investigate, submit Plaintiff's rape test kit, and arrest Defendant Robert Buchanan, violated Plaintiff's property interest in her person, and her right to protection under the law from sexual abuse.

    b. Plaintiff's liberty interest under the Due Process Clause, by refusing to provide assistance in protecting Plaintiff from domestic and sexual abuse.

195. Defendant with deliberate indifference, failed to train its police officers as to the rights of persons with whom the police come into contact, including but not limited to Plaintiff Jane Doe.

196.     Defendant's deliberate indifference, willfully and wantoningly, created a danger of and increased

the risk of harm by sexual abuse, and/or fostered an environment to exist and continue in which a

minor was sexual abused.

197.     Defendant's conduct was motivated by gender.

198.     Defendant's conduct was purposefully and due to Plaintiff's gender as a female.

199.     Defendant has a history of discriminating against females, Defendant treats domestic violence

abuse reports from women with less priority than other crimes not involving women reporting

domestic violence abuse.

200.     Defendant, by and through there officers, violated Plaintiff's civil right when:

    a.     An express policy that, when enforced, caused a constitutional deprivation of Plaintiff

    b.     A widespread practice and/or custom that, although not authorized by written law or express

municipal policy, was so permanent and well settled as to constitute a custom or usage with

the force of law.

    c.     An allegation that the constitutional injury was caused by a person with final policymaking

authority.

    d.     Defendant's knew about the conduct and facilitated it, approve it, condone it, and/or turned a

blind eye to the conduct.

201.     As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but

not limited to:

    a.     Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual

assaults;

    b.     Severe emotional and psychological injuries;

    c.     Suppressed memory; or in the alternative, the memory of the abuse remained intact but the

knowledge as to its cause of the injury was belatedly discovered; and

    d.     A delayed right to redress the wrongs against her.

WHEREFORE, Jane Doe, demands judgment against Defendant Oscar Perry, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

## COUNT XXI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## OSCAR PERRY

202.    Plaintiff incorporates paragraphs 1 to 32, and 164 to 201, as though fully stated herein.

203.    Defendant intentionally breached the following duties:

    a.    Failed to submit the rape test kit for analysis for a period of over ten years,

    b.    Failed to investigate the allegations,

    c.    Failed to remove the Plaintiff from Defendant Robert Buchanan's custody or provide support pursuant to the Illinois Domestic Violence Act,

    d.    Failed to arrest Robert Buchanan

    e.    Fraudulently concealed Plaintiff's causes of action against Defendant Robert Buchanan, The City of Harvey; and

    f.    Violated Plaintiff's rights pursuant to the Due Process Clause.

204.    Defendant's intentional conduct in was so extreme and outrageous as to go beyond all possible bounds of decency.

205.    Defendant's intentional conduct occurred repeatedly for over ten years.

206.    As a result, Jane Doe experienced severe fright, horror, grief, shame, humiliation, and worry.

207.    No reasonable person, especially a minor, could have endured the Defendant's conduct.

208.    As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

    a.    Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

    b.    Severe emotional and psychological injuries; and

    c.    Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered.

WHEREFORE, Jane Doe, demands judgment against Defendant Oscar Perry, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper

## COUNT XXII – WILLFUL AND WANTON
## OSCAR PERRY

209.    Plaintiff incorporates paragraphs 1 to 32, and 164 to 208, as though fully stated herein.

210.    Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

211.    Defendant willfully and wantoning and/or with reckless disregard, breached the following duties:

   a.   Failed to submit the rape test kit for analysis for a period of over ten years,

   b.   Failed to investigate the allegations,

   c.   Failed to remove the Plaintiff from Defendant Robert Buchanan's custody or provide support pursuant to the Illinois Domestic Violence Act,

   d.   Failed to arrest Robert Buchanan

   e.   Fraudulently concealed Plaintiff's causes of action against Defendants Robert Buchanan, and City of Harvey;

   f.   Violated Plaintiff's rights pursuant to the Due Process Clause; and

   g.   Was otherwise willful and wanton.

212.    As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

   a.   Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

   b.   Severe emotional and psychological injuries; and

   c.   Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered.

WHEREFORE, Jane Doe, demands judgment against Defendant Oscar Perry, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper

## COUNT XXIII – 42 U.S.C §1985
## CONSPIRACY OF DEPRIVATION OF RIGHTS AND PRIVILEGES
## OSCAR PERRY

213.    Plaintiff incorporates paragraphs 1 to 32, and 164 to 212, as though fully stated herein.

214.    This Count is brought pursuant to 42 U.S.C. §1985, against Oscar Perry in his official and individual capacity.

215.    Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

216.    Two or more of the Harvey Police Department Officers and/or employees, including but not limited to Officer Neal Frundle, Sergeant Oscar Perry, and Commander Andrew Joshua conspired to deprive Plaintiff Jane Doe of her rights and privileges under the law, including but not limited to, preventing or hindering the constituted authorities of Illinois from giving or securing to her the equal protection of the laws.

217.    Defendant  purposefully, knowingly and willfully conspired to the following:

    a.   Adopting a policy, procedure, and/or practice of failing to submit rape test kits.

    b.   Adopting a policy, procedure and/or practice of not investigating allegations of sexual assault.

218.    Defendant's conspiracy was motivated by gender.

219.    Defendant's policies, procedures, and/or practices with regard to investigations of sexual assaults intentionally and disparately impacted female victims.

220.    Moreover, Defendant knowingly and willfully conspired to the following:

    a.   Failing to submit Jane Doe' rape test kit for analysis for a period of over ten years,

    b.   Failing to investigate the allegations of rape of Jane Doe,

c. Failing to remove the Plaintiff from Defendant Robert Buchanan's custody or provide support pursuant to the Illinois Domestic Violence Act,

d. Failing to arrest Robert Buchanan

e. Fraudulently concealing Plaintiff's causes of action against Defendants Robert Buchanan, and The City of Harvey;

f. Violating Plaintiff's rights pursuant to the Due Process Clause; and

g. Otherwise conspired to prevent or hinder the constituted authorities of Illinois from giving or securing to Jane Doe the equal protection of the laws.

221. The Defendant's conspiracy was purposefully and due to Plaintiff's gender as a female.

222. As a direct and proximate result of Defendant's conduct, Defendant deprived Plaintiff of rights and privileges, including but not limited to:

a. Protection of her property interest in her person

b. Protection of her right to the courts.

223. As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

a. Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

b. Severe emotional and psychological injuries; and

c. Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered.

WHEREFORE, Jane Doe, demands judgment against Defendant Oscar Perry, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

## COUNT XXIV – ILLINOIS DOMESTIC VIOLENCE ACT OF 1986
### ANDREW JOSHUA

224. Plaintiff incorporates paragraphs 1 to 32, as though fully stated herein.

43

225.   At all times relevant herein, Neal Frundle, Oscar Perry, and Andrew Joshua were acting in the scope of their employment with The City of Harvey, and/or as their agents.

226.   At all times relevant hereto, defendant Andrew Joshua was the duly appointed Commander of the City of Harvey Police Department. As such he was the commanding officer of defendants Neal Neal Frundle and Oscar Perry and was responsible for their training, supervision, and conduct. He was also responsible by law for enforcing the regulations of the City of Harvey Police Department and for ensuring that the City of Harvey police personnel obey the laws of the State of Illinois and of the United States. At all relevant times, he was acting in such capacity as the agent, servant, and employee of the defendant City of Harvey. He is sued individually and in his official capacity.

227.   Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

228.   Defendant Commander Andrew Joshua, individually and/or through his subordinates, willfully and wantoningly and/or with reckless disregard, breached the following duties:

   a.   Failed to develop, adopt, and implement written policies regarding arrest procedures for domestic violence incidents consistent with the provisions of this Act. 750 ILCS 60/301.1

   b.   Failed to make a written police report of any bona fide allegation and the disposition of such investigation, which included the victim's statements as to the frequency and severity of prior incidents of abuse, neglect, or exploitation by the same family or household member and the number of prior calls for police assistance to prevent such further abuse, neglect, or exploitation. 750 ILCS 60/303

   c.   Failed to record and compile the report as a domestic crime within the meaning of Section 5.1 of the Criminal Identification Act [20 ILCS 2630/5.1]. 750 ILCS 60/303

   d.   Failed to arrest the abusing, neglecting and exploiting party, Defendant Robert Buchanan. 750 ILCS 60/304(A)(1)

44

e.   Failed to accompany the victim of abuse, neglect, or exploitation Plaintiff Jane Doe to her place of residence for a reasonable period of time to remove necessary personal belongings and possessions. 750 ILCS 60/304

f.   Failed to offer the victim of abuse, neglect, or exploitation Plaintiff Jane Doe immediate and adequate information (written in a language appropriate for the victim), which shall include a summary of the procedures and relief available to victims of abuse under subsection (c) of Section 217 [750 ILCS 60/217] and the officer's name and badge number. 750 ILCS 60/304

g.   Failed to provide the victim Plaintiff Jane Doe with one referral to an accessible service agency. 750 ILCS 60/304

h.   Failed to advise the victim of abuse Plaintiff Jane Doe about seeking medical attention and preserving evidence, specifically including photographs of injury or damage and damaged clothing or other property. 750 ILCS 60/304

i.   Failed to provide or arrange accessible transportation for the victim of abuse Plaintiff Jane Doe to a medical facility for treatment of injuries or to a nearby place of shelter or safety; or, after the close of court business hours, providing or arranging for transportation for the victim Jane Doe to the nearest available circuit judge or associate judge so the victim may file a petition for an emergency order of protection under subsection (c) of Section 217 [750 ILCS 60/217]. 750 ILCS 60/304

j.   Inform the victim of abuse neglect, or exploitation Plaintiff Jane Doe of the victim's right to request that a criminal proceeding be initiated where appropriate, including specific times and places for meeting with the State's Attorney's office, a warrant officer, or other official in accordance with local procedure. 750 ILCS 60/304.

229.   As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

a.   Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

45

b.  Severe emotional and psychological injuries; and

c.  Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered.

WHEREFORE, Jane Doe, demands judgment against Defendant Andrew Joshua, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

## COUNT XXV – FRAUDULENT CONCEALMENT
### ANDREW JOSHUA

230.  Plaintiff incorporates paragraphs 1 to 32, and 224 to 229, as though fully stated herein.

231.  Defendant Andrew Joshua owed a fiduciary or confidential relationship toward the Minor Plaintiff Jane Doe, as a child subject to sexual and domestic abuse.

232.  Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

233.  Defendant Andrew Joshua willfully and wantoningly and/or with reckless disregard fraudulently concealed Plaintiff's cause of action, as follows:

a.  Knowingly and actively suppressed the truth with the intent to prevent inquiry or knowledge of the injury, including but not limited to the following

   i.  Failing to test the rape kit for a period of over ten years.

   ii.  Failing to investigation the allegations against Defendant Robert Buchanan

   iii.  Failing to arrest Defendant Robert Buchanan.

   iv.  Failing to notify Jane Doe that her rape test kit was never tested.

b.  Knowingly failing to disclose when Defendant had a duty to speak with the intent to prevent inquiry or knowledge of the injury, including but not limited to the following:

   i.  Failing to notify testing facilities of Jane Doe rape kit for a period of over ten years.

   ii.  Failing to notify Plaintiff's of her rights, pursuant to the Illinois Domestic Violence Act of 1986, 750 ILCS 60/304.

iii.     Failing to notify Jane Doe that her rape test kit was never tested.

c.  Conveyed  to the Plaintiff a knowing or intentional, material misrepresentation upon which the Plaintiff reasonably, and without knowledge, acted or relied.

234.   As a direct and proximate result of Defendant's conduct, Plaintiff Jane Doe  was mislead as to her causes of action, against Defendants Robert Buchanan, as well as City of Harvey, Harvey Police Department, Neal Frundle, Oscar Perry, and Andrew Joshua.

235.   On or about April 2011, Plaintiff became aware of the sexual assaults and Defendant's willful and wanton conduct when she was notified by authorities.

236.   Plaintiff Jane Doe could not have learned of the existence of her causes of action, when the evidence was in the exclusive control of Defendant, and the Defendant's conduct caused Jane Doe to have suppressed memory.

237.   As a direct and proximate result of Defendant's fraudulent concealment, Jane Doe suffered injuries, including but not limited to:

a.  Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

b.  Severe emotional and psychological injuries;

c.  Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered; and

d.  A delayed right to redress the wrongs against her.

WHEREFORE, Jane Doe, demands judgment against Defendant Andrew Joshua, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

### COUNT XXVI - 42 U.S.C. §1983 DUE PROCESS
### ANDREW JOSHUA

238.   Plaintiff incorporates paragraphs 1 to 32, and 224 to 237, as though fully stated herein.

239.   This Count is brought pursuant to 42 U.S.C. §1983, against Andrew Joshua in his official and individual capacity.

240.    At all times relevant herein, Defendant, knew or should have known that Defendant Robert Buchanan sexually abused then minor, Plaintiff Jane Doe.

241.    Defendant had a duty to intervene and protect Jane Doe from her step father.

242.    Defendant affirmatively placed Jane Doe in danger, including but not limited to when:

      a.  Defendant permitted Jane Doe to return home and live with her step-father Robert Buchanan, who sexually assaulted her.

      b.  Defendant released Robert Buchanan and permitted him to return to live in the same residence as Jane Doe.

      c.  Defendant conspired to keep the sexual assault a secret, by having a custom to withhold evidence, failing to investigate, failing to arrest, and failing to notify D.C.F.S. of sexual assaults of minors.

      d.  Defendant condoned the actions of its officers.

243.    Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

244.    At all times relevant herein, Defendant with deliberate indifference,  intentionally, willfully and wantoningly, and/or with reckless disregard deprived Plaintiff Jane Doe of rights and/or privileges secured by the constitution, including but not limited to:

a.  Plaintiff's property interest under the Due Process Clause, as follows:

      i.  Defendant's reckless or with deliberate indifference failed to investigate, submit Plaintiff's rape test kit, and arrest Defendant Robert Buchanan, violated Plaintiff's property interest in her DNA and Defendant Buchanan's DNA, given to Plaintiff, stored at Defendants' facility, and her right to redress in the courts.

      ii. Defendant's reckless or with deliberate indifference failed to investigate, submit Plaintiff's rape test kit, and arrest Defendant Robert Buchanan, violated Plaintiff's

property interest in her person, and her right to protection under the law from sexual abuse.

b. Plaintiff's liberty interest under the Due Process Clause, by refusing to provide assistance in protecting Plaintiff from domestic and sexual abuse, when Defendants placed her in harms way.

245. Defendant with deliberate indifference, failed to train its police officers as to the rights of persons with whom the police come into contact, including but not limited to Plaintiff Jane Doe.

246. Defendant's deliberate indifference, willfully and wantoningly, created a danger of and increased the risk of harm by sexual abuse, and/or fostered an environment to exist and continue in which a minor was sexual abused.

247. Defendant, by and through there officers, violated Plaintiff's civil right when:

a. An express policy that, when enforced, caused a constitutional deprivation of Plaintiff

b. A widespread practice and/or custom that, although not authorized by written law or express municipal policy, was so permanent and well settled as to constitute a custom or usage with the force of law.

c. An allegation that the constitutional injury was caused by a person with final policymaking authority.

d. Defendant's knew about the conduct and facilitated it, approve it, condone it, and/or turned a blind eye to the conduct.

248. As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

a. Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

b. Severe emotional and psychological injuries;

c. Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered; and

d.   A delayed right to redress the wrongs against her.

WHEREFORE, Jane Doe, demands judgment against Defendant Andrew Joshua, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

<u>**COUNT XXVII - 42 U.S.C. §1983 EQUAL PROTECTION**</u>
<u>**ANDREW JOSHUA**</u>

249.   Plaintiff incorporates paragraphs 1 to 32, and 224 to 248, as though fully stated herein.

250.   This Count is brought pursuant to 42 U.S.C. §1983, against Andrew Joshua in his official and individual capacity.

251.   At all times relevant herein, Defendant, knew or should have known that Defendant Robert Buchanan sexually abused then minor, Plaintiff Jane Doe.

252.   Defendant had a duty to intervene and protect Jane Doe from her step father.

253.   Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

254.   At all times relevant herein, Defendant with deliberate indifference,  intentionally, willfully and wantoningly, and/or with reckless disregard deprived Plaintiff Jane Doe of rights and/or privileges secured by the constitution, including but not limited to:

a.   Plaintiff's property interest under the Due Process Clause, as follows:

   i.   Defendant's reckless or with deliberate indifference failed to investigate, submit Plaintiff's rape test kit, and arrest Defendant Robert Buchanan, violated Plaintiff's property interest in her DNA and Defendant Buchanan's DNA, given to Plaintiff, stored at Defendants' facility, and her right to redress in the courts.

   ii.   Defendant's reckless or with deliberate indifference failed to investigate, submit Plaintiff's rape test kit, and arrest Defendant Robert Buchanan, violated Plaintiff's property interest in her person, and her right to protection under the law from sexual abuse.

      b.   Plaintiff's liberty interest under the Due Process Clause, by refusing to provide assistance in protecting Plaintiff from domestic and sexual abuse.

255.   Defendant with deliberate indifference, failed to train its police officers as to the rights of persons with whom the police come into contact, including but not limited to Plaintiff Jane Doe.

256.   Defendant's deliberate indifference, willfully and wantoningly, created a danger of and increased the risk of harm by sexual abuse, and/or fostered an environment to exist and continue in which a minor was sexual abused.

257.   Defendant's conduct was motivated by gender.

258.   Defendant's conduct was purposefully and due to Plaintiff's gender as a female.

259.   Defendant has a history of discriminating against females, Defendant treats domestic violence abuse reports from women with less priority than other crimes not involving women reporting domestic violence abuse.

260.   Defendant, by and through there officers, violated Plaintiff's civil right when:

      a.   An express policy that, when enforced, caused a constitutional deprivation of Plaintiff

      b.   A widespread practice and/or custom that, although not authorized by written law or express municipal policy, was so permanent and well settled as to constitute a custom or usage with the force of law.

      c.   An allegation that the constitutional injury was caused by a person with final policymaking authority.

      d.   Defendant's knew about the conduct and facilitated it, approve it, condone it, and/or turned a blind eye to the conduct.

261.   As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

      a.   Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

      b.   Severe emotional and psychological injuries;

c. Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered; and

d. A delayed right to redress the wrongs against her.

WHEREFORE, Jane Doe, demands judgment against Defendant Andrew Joshua, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

## COUNT XXVIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## ANDREW JOSHUA

262. Plaintiff incorporates paragraphs 1 to 32, and 224 to 261, as though fully stated herein.

263. Defendant intentionally breached the following duties:

a. Failed to submit the rape test kit for analysis for a period of over ten years,

b. Failed to investigate the allegations,

c. Failed to remove the Plaintiff from Defendant Robert Buchanan's custody or provide support pursuant to the Illinois Domestic Violence Act,

d. Failed to arrest Robert Buchanan

e. Fraudulently concealed Plaintiff's causes of action against Defendant Robert Buchanan, The City of Harvey; and

f. Violated Plaintiff's rights pursuant to the Due Process Clause.

g. Defendant's knew about the conduct and facilitated it, approve it, condone it, and/or turned a blind eye to the conduct.

264. Defendant's intentional conduct in was so extreme and outrageous as to go beyond all possible bounds of decency.

265. Defendant's intentional conduct occurred repeatedly for over ten years.

266. As a result, Jane Doe experienced severe fright, horror, grief, shame, humiliation, and worry.

267. No reasonable person, especially a minor, could have endured the Defendant's conduct.

268. As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

a. Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

b. Severe emotional and psychological injuries; and

c. Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered.

WHEREFORE, Jane Doe, demands judgment against Defendant Andrew Joshua, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper

## COUNT XXIX – WILLFUL AND WANTON
### ANDREW JOSHUA

269. Plaintiff incorporates paragraphs 1 to 32, and 224 to 268, as though fully stated herein.

270. Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

271. Defendant willfully and wantoning and/or with reckless disregard, breached the following duties:

a. Failed to submit the rape test kit for analysis for a period of over ten years,

b. Failed to investigate the allegations,

c. Failed to remove the Plaintiff from Defendant Robert Buchanan's custody or provide support pursuant to the Illinois Domestic Violence Act,

d. Failed to arrest Robert Buchanan

e. Fraudulently concealed Plaintiff's causes of action against Defendants Robert Buchanan, and City of Harvey;

f. Violated Plaintiff's rights pursuant to the Due Process Clause; and

g. Was otherwise willful and wanton.

272. As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

a. Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

b. Severe emotional and psychological injuries; and

c. Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered.

WHEREFORE, Jane Doe, demands judgment against Defendant Andrew Joshua, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper

**COUNT XXX – 42 U.S.C §1985**
**CONSPIRACY OF DEPRIVATION OF RIGHTS AND PRIVILEGES**
**ANDREW JOSHUA**

273. Plaintiff incorporates paragraphs 1 to 32, and 224 to 272, as though fully stated herein.

274. This Count is brought pursuant to 42 U.S.C. §1985, against Andrew Joshua in his official and individual capacity.

275. Defendant having knowledge of the rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

276. Two or more of the Defendant City of Harvey, by and through the Harvey Police Department Officers and/or employees, Officer Neal Frundle, Sergeant Oscar Perry, and Commander Andrew Joshua conspired to deprive Plaintiff Jane Doe of her rights and privileges under the law, including but not limited to, preventing or hindering the constituted authorities of Illinois from giving or securing to her the equal protection of the laws.

277. Defendant The City of Harvey, by or through its agents, purposefully, knowingly and willfully conspired to the following:

a. Adopting a policy, procedure, and/or practice of failing to submit rape test kits.

b. Adopting a policy, procedure and/or practice of not investigating allegations of sexual assault.

278.    Defendant's conspiracy was motivated by gender.

279.    Defendant's policies, procedures, and/or practices with regard to investigations of sexual assaults intentionally and disparately impacted female victims.

280.    Moreover, Defendant knowingly and willfully conspired to the following:

   a.    Failing to submit Jane Doe' rape test kit for analysis for a period of over ten years,

   b.    Failing to investigate the allegations of rape of Jane Doe,

   c.    Failing to remove the Plaintiff from Defendant Robert Buchanan's custody or provide support pursuant to the Illinois Domestic Violence Act,

   d.    Failing to arrest Robert Buchanan

   e.    Fraudulently concealing Plaintiff's causes of action against Defendants Robert Buchanan, and The City of Harvey;

   f.    Violating Plaintiff's rights pursuant to the Due Process Clause; and

   g.    Otherwise conspired to prevent or hinder the constituted authorities of Illinois from giving or securing to Jane Doe the equal protection of the laws.

281.    The Defendant's conspiracy was purposefully and due to Plaintiff's gender as a female.

282.    As a direct and proximate result of Defendant's conduct, Defendant deprived Plaintiff of rights and privileges, including but not limited to:

   a.    Protection of her property interest in her person

   b.    Protection of her right to the courts.

283.    As a direct and proximate result of Defendant's conduct, Jane Doe suffered injuries, including but not limited to:

   a.    Physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults;

   b.    Severe emotional and psychological injuries; and

   c.    Suppressed memory; or in the alternative, the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered.

WHEREFORE, Jane Doe, demands judgment against Defendant Andrew Joshua, in an amount exceeding the jurisdiction of this court, and any other relief the Court deems just and proper.

Respectfully submitted,

DINIZULU LAW GROUP, LTD.

By:    s/ Yao O. Dinizulu_____
           Yao O. Dinizulu
           Plaintiff's Attorney

Yao O. Dinizulu
DINIZULU LAW GROUP, LTD.
221 N. LaSalle, Suite 1100
Chicago, IL 60601
Telephone: (312) 384-1920
Facsimile: (312) 384-1921
Dinizulu@dinizululawgroup.com
ARDC No. 6242794